Bush *v.* Hibbard.

***

## BUSH, administrator &c., *vs.* HIBBARD.

H. drew a draft upon McB. as follows : " On demand after date deliver to the order of J. A. B. one hundred·gross of inlaid mosaic knobs worth five dollars per gross, and charge same to the account of" &c.   Underneath this order was the following guaranty, signed by H. the drawer : " For and in consideration of one dollar to me in hand paid, receipt whereof is hereby acknowledged, I guarantee the delivery of the above knobs as per order to Mr. B. as per agreement with Mr. McB."   This order was accepted by McB.   On the same day, H. gave to B. a receipt in these words : " Received, New York, April 8, 1846, from A. McB. his acceptance of a draft on demand for one hundred gross of mosaic inlaid knobs, which I promise to deliver to J. A. B. or his order, upon his ceasing to transact business for said McB. according to an agreement bearing even date herewith, and upon the finding any balance due the said B. from the said McB., according to the tenor of said agreement."   In an action brought by the administrator of B. against H. to recover possession of the draft, acceptance and guaranty, the complainant alleging a demand and refusal ; *it was held,*

1. That the draft and guaranty formed but one undertaking on the part of H., viz : that McB. should deliver to B. on demand 100 gross of knobs at $5 per gross ; and that if McB. did not deliver the knobs, or any part thereof, H. should make up the deficiency.

2. That H.'s agreement to deliver to B. the draft and guaranty on the cessation of the business and the finding a balance due from McB. to B. did not in any degree extend his liability ; it being but an engagement on his part that on the happening of those contingencies B. should be put in possession of the securities, and be at liberty to enforce any claims he might have on H. by reason of them.

Bush *v.* Hibbard.

8. That H. having refused to deliver the draft and guaranty, on demand, the value thereof to B. was the rule of damages.

4. That upon McB.'s delivering to B. certain substituted articles in the place of the knobs, and B.'s acceptance thereof, the engagement of H. was complied with, and there could therefore be no recovery against him upon the draft and guaranty.

5. That consequently B. had sustained no damage by the refusal of H. to deliver to him the draft and guaranty on demand.

ON the 8th of April, 1846, the defendant drew a draft on McBurth, which was accepted by him, as follows : " On demand after date deliver to the order of John A. Bush one hundred gross of inlaid mosaic knobs, worth five dollars per gross, and charge same to the account of, respectfully, T. R. Hibbard." Underneath such order, and as forming a part thereof, was the following : " For and in consideration of one dollar to me in hand paid, receipt whereof is hereby acknowledged, I guarantee the delivery of the above knobs as per order to Mr. Bush, as per agreement with Mr. McBurth. T. R. Hibbard." On the same day the defendant gave to Bush a receipt in these words : " Received, Newport, April 8, 1846, from Augustus McBurth, his acceptance of a draft on demand for one hundred gross of mosaic inlaid knobs, which I promise to deliver to John A. Bush, Esq. or his order, upon his ceasing to transact business for said McBurth, according to an agreement bearing even date herewith, and upon the finding any balance due the said Bush from the said McBurth, according to the tenor of said agreement." This suit was brought to recover the possession of the said draft, acceptance and guaranty ; the complaint alleging demand and refusal of the defendant, and claiming $700 damages by reason of such refusal.

After the cessation of the business between Bush and McBurth an accounting was had between them, and a balance found due Bush of $541.26. The cause was referred to Wm. Bliss, Esq. referee, and he reported in favor of the plaintiff to the amount mentioned in the draft, being $500 and interest. From the judgment entered on his report an appeal was taken by the defendant.

*H. B. Cowles*, for the appellant.

*W. S. Sears*, for the respondent.

*By the Court*, DAVIES, J. The referee clearly erred in the view he has taken of the engagement of the defendant. The draft and guaranty form but one undertaking on his part—that McBurth shall deliver to Bush on demand one hundred gross of knobs, at $5 per gross. If McBurth did not deliver the knobs or any part thereof, then by the terms of the draft and guaranty the defendant was to make up the deficiency. His agreement to deliver to Bush the draft and guaranty on the cessation of the business, and the finding a balance due from Mc-Burth to Bush, does not in any degree extend his liability. It is but an engagement on his part, that on the happening of those contingencies Bush shall be put in possession of those securities, and be at liberty to enforce any claims he may have on the defendant by reason of them. The defendant having refused to deliver them on demand, the value of them to the plaintiff became the rule of damages in this case. It becomes, therefore, necessary to ascertain what, if any thing, could the plaintiff recover against the defendant upon the draft and guaranty. We have seen by it, that the defendant became responsible that McBurth should deliver to Bush on demand 100 gross of knobs, of the value of $5 per gross.

The testimony clearly shows that McBurth did deliver a portion of the knobs, and that for the residue Bush agreed to accept and did accept and receive from McBurth " quartette tops, light stand tops, and checker board tops in lieu of the knobs named in the contract." Bush waived the agreement for the delivery of the knobs, and took other articles as a substitute therefor. This it was entirely competent for him to do, and on McBurth's delivery to him and his acceptance of the substituted articles, the engagement of the defendant was complied with. There could therefore be no recovery against the defendant upon the draft and guaranty, and it follows that the plaintiff has sustain-

ed no damage by the refusal of the defendant to deliver to him on demand the draft and guaranty.

The plaintiff's right to demand the draft and guaranty from the defendant by the tenor of the receipt of April 8, 1846, did not accrue until the finding of a balance due to Bush from Mc-Burth. This was not ascertained until the accounting which took place between them on the 16th June, 1849. The suit in the common pleas was commenced before such settlement and adjustment took place and balance ascertained. Consequently it was premature, and the rights of the parties could not be passed upon by that court. The referee therefore properly held that that suit was no bar to the present action.

The report of the referee, and the judgment thereon, must be set aside and a new trial granted; costs to abide event.

[NEW YORK GENERAL TERM, June 6, 1857. *Roosevelt, Mitchell* and *Davies,* Justices.]